Christopher R. Dryden, Esq. (SBN 234476)
cdryden@attorneygl.com
James C. Huber, Esq. (SBN 269488)
jhuber@attorneygl.com
GLOBAL LEGAL LAW FIRM
322 Encinitas Blvd., Suite 200
Encinitas, CA 92024
Tel.: (888) 846-8901
Facsimile: (888) 846-8902

Attorneys for Plaintiff and Counter- Defendant
BUSINESS WARRIOR CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BUSINESS WARRIOR CORPORATION, a Wyoming corporation,

Plaintiff,

vs.

TIMOTHY LI, an individual, and DOES 1 through 10, inclusive,

Defendant.

TIMOTHY LI, an individual,

Counter-Claimant,

vs.

BUSINESS WARRIOR CORPORATION, a Wyoming corporation, and ROES 1 through 10, inclusive.,

Counter-Defendants.

BUSINESS WARRIOR CORPORATION, a Wyoming corporation,

Counter-Claimant,

vs.

TIMOTHY LI, an individual,

Counter-Defendants.

Case No. 8:22–cv–02144–DOC–ADS

Judge: Hon. David O. Carter

**BUSINESS WARRIOR CORPORATION'S ANSWER TO COUNTER-CLAIM, AFFIRMATIVE DEFENSES, AND COUNTER-CLAIM IN REPLY**

Complaint Filed: November 28, 2022



GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

Plaintiff/Counter-Defendant Business Warrior Corporation ("BWC"), for its Answer and Affirmative Defenses, states as follows with respect to Defendant/Counter-Claimant Timothy Li's ("Li's"), "Counter-Claimant Timothy Li's Counter-Claim" (Dkt. 11) (the "Counter-Claim"). By doing so, BWC does not waive any objection or defense to the Counter-Claim, including, but not limited to, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process and failure to state a claim upon which relief can be granted. See, e.g., Fed. R. Civ. P. 12(b), 12(h)(1)(B)(ii), 12(h)(3).

**IN ANSWER TO THE ALLEGATIONS OF THE COUNTER-CLAIM**

1. In answer to Paragraph 1 of the Counter-Claim, BWC admits each and every allegation contained in the said paragraph.

2. In answer to Paragraph 2 of the Counter-Claim, BWC admits that venue lies in this Court pursuant to 28 U.S.C. Sections 1391(b), (c), and/or (d). BWC denies that venue is proper under 28 U.S.C. Section 1400(b), since Li's claim does not arise from a copyright, or other applicable basis, under the cited statute.

3. In answer to Paragraph 3 of the Counter-Claim, BWC admits that Li refers to the purported circumstances out of which he believes the Counter-Claim arose. Except as so admitted, BWC denies each and every other allegation contained in the said paragraph. each and every allegation contained in the said paragraph.

4. In answer to Paragraph 4 of the Counter-Claim, BWC admits each and every allegation contained in the said paragraph.

5. In answer to Paragraph 5 of the Counter-Claim, BWC admits to the extent Paragraph 5 recites portions of the subject matter of the Executive Employment Agreement (the "Agreement"). Except as so admitted, BWC denies each and every other allegation contained in the said paragraph.

6. In answer to Paragraph 6 of the Counter-Claim, BWC admits that, as of the filing of the Counter-Claim, it has not paid the sign-on bonus of $150,000 (the "Bonus") to Li. However, the non-payment of the Bonus is based on misconduct by

Global Legal Law Firm
322 Encinitas Blvd., Suite 200
Encinitas, CA 92024
(888) 846-8901

Li, and BWC's consent to enter into the Employment Agreement was induced by Li's fraud. On information and belief, BWC contends that, prior to entering into the Employment Agreement, Li concealed his plans to embezzle $200,000 from BWC's Fluidfi, Inc. ("Alchemy") bank account shortly following the Agreement's execution, Li intentionally failed to provide BWC with information about his ownership interests in Alchemy's customers, Li concealed his plan to continue to work for other businesses in violation of the Agreement (namely Max Decisions), Li had created a business entity with owners of TheeCode which would very likely cause the issue of the ownership of Alchemy's source code to be in dispute, and would be disruptive to business for BWC following BWC's acquisition of Alchemy, all of which Li knew BWC would have been concerned with, and which would have affected the Agreement, i.e. BWC would not have entered into the Agreement had it known about Li's concealment of the foregoing items. Li made conscious misrepresentations, and intentionally concealed material facts, which induced BWC to enter into the Agreement, including misrepresenting an intention to honor a duty of loyalty and fiduciary duties to BWC per the Agreement. Li's misconduct is the subject of BWC's affirmative defenses set forth in greater detail below, as well as BWC's Counter-Claim in Reply against Li (the "Counter-Claim in Reply"). Li's misconduct extinguished Li's right to receive the Bonus under the Agreement. The allegations of breach in the Complaint for Damages BWC filed in this action on November 28, 2022 (the "Complaint"), and the allegations herein related to Li's fraudulently inducing BWC to enter into the Agreement, are collectively referred to hereinafter as "Li's Fraud". BWC is without sufficient knowledge or information to form a belief as to the truth of all other allegations in said paragraph, and on that basis denies each and every allegation contained therein.

7. In answer to Paragraph 7 of the Counter-Claim, BWC admits that BWC terminated the Agreement on October 13, 2022. Except as so admitted, BWC denies each and every other allegation contained in the said paragraph.

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

8. In answer to Paragraph 8 of the Counter-Claim, BWC denies each and every allegation contained in said paragraph.

9. In answer to Paragraph 9 of the Counter-Claim, BWC admits that Li seeks to incorporate each and every allegation set forth in Paragraphs 1 through 8 as if fully set forth herein. Except as so admitted, BWC denies each and every other allegation contained in the said paragraph.

10. In answer to Paragraph 10 of the Counter-Claim, BWC admits each and every allegation contained in the said paragraph.

11. In answer to Paragraph 11 of the Counter-Claim, BWC denies each and every allegation contained in the said paragraph.

12. In answer to Paragraph 12 of the Counter-Claim, BWC denies each and every allegation contained in the said paragraph.

13. In answer to Paragraph 13 of the Counter-Claim, BWC is without sufficient knowledge or information to form a belief as to truth of the basis for Li's belief that his damages are believed to be an amount "in excess of $148,000.00". As for the each and every other allegation in said paragraph, BWC denies each such allegation.

14. In answer to Paragraph 14 of the Counter-Claim, BWC is without knowledge or information to form a belief as to the truth of Li's allegation that he has incurred "consequential damages" that include "damages incurred in mitigating its damages." As for the each and every other allegation in said paragraph, BWC denies each such allegation.

15. In answer to Paragraph 15 of the Counter-Claim, BWC is without knowledge or information to form a belief as to the truth of Li's allegation that he has "incurred and will continue to incur attorneys' fees in filing and prosecuting this action." As for the each and every other allegation in said paragraph, BWC denies each such allegation.

16. In answer to Paragraph 16 of the Counter-Claim, BWC admits that Li

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

seeks to incorporate each and every allegation set forth in Paragraphs 1 through 15 as if fully set forth herein. Except as so admitted, BWC denies each and every other allegation contained in the said paragraph.

17. In answer to Paragraph 17 of the Counter-Claim, BWC admits to the extent Paragraph 17 purports to refer to the subject matter of California Labor Code § 201. Except as so admitted, BWC denies each and every other allegation contained in the said paragraph.

18. In answer to Paragraph 18 of the Counter-Claim, BWC admits to the extent Paragraph 18 purports to refer to the subject matter of California Labor Code § 203. Except as so admitted, BWC denies each and every other allegation contained in the said paragraph.

19. In answer to Paragraph 19 of the Counter-Claim, BWC denies each and every allegation contained in the said paragraph..

20. In answer to Paragraph 20 of the Counter-Claim, BWC is without knowledge or information to form a belief as to the truth of Li's allegation that he has "incurred and will continue to incur attorneys' fees in filing and prosecuting this action." As for the each and every other allegation in said paragraph, BWC denies each such allegation.

**AFFIRMATIVE DEFENSES**

BWC states the following as Affirmative Defenses:

21. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each and every cause of action therein contained, fails to allege sufficient facts to constitute a cause of action against BWC.

22. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each and every cause of action therein contained, is barred by the doctrine of unclean hands as a result of Li's Fraud.

23. As a separate and distinct affirmative defense, BWC alleges that as it relates to the Counter-Claim, and each and every cause of action therein contained,

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

that Li did not suffer any damages, and/or his damages are trivial and/or speculative.

24. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each and every cause of action therein contained, is barred as a result of Li's Fraud, which caused and resulted in injury or damage to BWC.

25. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each and every cause of action therein contained, fails because Li failed to act reasonably to mitigate his respective injuries (if any), and damages (if any), that are alleged in the Counter-Claim. Such failure to mitigate on the part of Li bars or reduces his right to recover any damages against BWC.

26. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each and every cause of action therein contained, fails because Li, by reason of his own acts, conduct and/or omissions, has waived his right to seek the relief requested in the Counter-Claim due to Li's Fraud.

27. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each and every cause of action therein contained, fails because Li, by reason of his own acts, conduct and/or omissions, is estopped to seek the relief requested in the Counter-Claim due to Li's Fraud.

28. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each and every cause of action therein contained, fails because Li will be unjustly enriched if allowed to recover the sums alleged in the Counter-Claim due to Li's Fraud.

29. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each and every cause of action therein contained, fails because Li prevented BWC from performing under the Agreement.

30. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each and every cause of action therein contained, is barred under the doctrine of laches in that Li waited too long to seek redress of any alleged wrongful conduct of BWC.

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

31. As a separate and distinct affirmative defense, BWC alleges that BWC is not liable for any underlying offense, and therefore has no liability under any cause of action, and that BWC is not liable to Li for any monetary damages alleged in the Counter-Claim based on any of the purported theories of recovery alleged therein.

32. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each and every cause of action therein contained, and each purported claim and/or cause of action contained therein, is barred because the damages allegedly incurred by Li, if any, were not the result of any acts, omissions or other conduct of BWC, but instead were the result of acts omissions or other conduct of others beyond BWC's supervision or control.

33. As a separate and distinct affirmative defense, BWC alleges that as between Li and BWC, the equities do not preponderate in favor of Li due to Li's Fraud and accordingly, Li is barred from any recovery herein.

34. As a separate and distinct affirmative defense, assuming *arguendo*, that any alleged unlawful or unfair behavior and/or conduct occurred (which BWC denies), Li failed to avoid his alleged damages.

35. As a separate and distinct affirmative defense, BWC alleges Li has failed to state a claim for which compensatory damages can be awarded under any applicable law.

36. As a separate and distinct affirmative defense, BWC alleges that Li's claims are barred by the "avoidable consequences doctrine" in that Li cannot be compensated for damages that he could have avoided by reasonable effort or expenditure.

37. As a separate and distinct affirmative defense, BWC alleges that in the event BWC is held liable to Li, which liability is expressly denied, and any other parties are held liable, BWC is entitled to a percentage contribution of the total liability from said other parties in accordance with the principals of equitable indemnity.

38. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each purported claim and/or cause of action contained therein, is

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

barred because Li approved BWC's acts by act, word and/or conduct with full knowledge of the earlier act with the intention of giving validity of BWC's acts.

39. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each purported claim and/or cause of action contained therein, is barred because of Li's consent to or initiation of the acts, omissions or conduct complained of in this action, to the extent that such acts, omissions or conduct actually occurred.

40. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each purported claim and/or cause of action contained therein, is barred because BWC has fully performed under the Agreement and in full satisfaction of its respective obligations, and has been fully released from any further performance or obligations due to Li's Fraud.

41. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each purported claim and/or cause of action contained therein, is barred by the doctrine of *In Pari Delicto* in that Li may not recover because he is equally responsible for the harmful conduct.

42. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each purported claim contained therein, is barred by illegality, in that performance under any agreement between the parties would constitute an illegal act and as such BWC should be excused from further performance.

43. As a separate and distinct affirmative defense, BWC alleges that the Counter-Claim, and each and every cause of action therein contained, is barred in that Li engaged in fraud concerning the negotiation, drafting, inducement, execution and effectuation of the parties' Agreement, and therefore cannot to seek redress of any alleged wrongful conduct of BWC due to his own fraudulent behavior, acts and omissions relating to the Agreement.

44. BWC alleges it has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. BWC reserves the right to assert additional affirmative defenses in the event

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

discovery indicates that they may be appropriate.

**BUSINESS WARRIOR CORPORATION'S COUNTER-CLAIM IN REPLY AGAINST TIMOTHY LI**

1. At all times relevant to this action, Counter-Claimant in Reply, Business Warrior Corporation ("BWC"), was and now is a corporation, duly organized and existing under and by virtue of the laws of the State of Wyoming and maintains its principal place of business in the State of Nevada at 455 East Pebble Rd., Suite 230912, Las Vegas, Nevada 89123-0912.

2. Based on information and belief, Counter-Defendant in Reply Timothy Li ("Li" and, with BWC, collectively referred to herein as the "Parties") is an individual who at all times relevant herein has been a resident of the County of Orange, State of California.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the parties hereto under 28 U.S.C. § 1332 because Li resides in California and BWC resides in Nevada, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests or costs.

4. Venue is proper in this Court pursuant to 28 USC § 1391(b) because Li resides in Orange County and a substantial part of the events or omissions giving rise to BWC's claims occurred within this judicial district including, without limitation, organization of actions giving rise to theft and embezzlement, including the coordination of actions by communications arising from or being sent into this judicial district, and BWC suffered substantial harm within this judicial district as a result of Li's misconduct as detailed below.

**FACTUAL BACKGROUND**

5. BWC incorporates by this reference all facts set forth in the Complaint for Damages BWC filed in this action on November 28, 2022 (the "Complaint").

6. Li entered into an Executive Employment Agreement (the "Employment Agreement") with BWC on June 8, 2022. The Employment Agreement was entered

into concurrently with the merger document wherein BWC acquired all interest in Fluidfi, Inc. ("Alchemy"), Li's company that was owned by Constellation Fintech Holdings, LLC ("Constellation"). BWC acquired Alchemy via an entity called "BZ Merge Sub."

7. It was contemplated that Li would cease working for Constellation, or any of its affiliated companies, including, but not limited, to Max Decisions, and join BWC as an employee to act as BWC's Global Head of Technology and President of Alchemy, continuing to oversee the development and maintenance of Alchemy's technology purchased by BWC. Li would also become a Director of BWC.

8. Under the Employment Agreement Li agreed *inter alia* to the following material terms of his employment:

a. Li became BWC's Global Head of Technology, and would also hold the title of President of Alchemy though being employed by BWC.

b. Under Section 1(m), Li agreed that any work he performed during his employment with BWC would be considered a "Work Made for Hire" as defined in the U.S. Copyright laws and be owned by and for the express benefit of BWC. And in the event, it should be established that such work did not qualify as a "Work Made for Hire," Li agreed to assign to BWC all of his right, title and interest in such work product including, but not limited to, all copyrights and other proprietary rights. In furtherance thereof, under Schedule A. Li agreed to and did assign to BWC, and its respective affiliates and subsidiaries, all of his rights, title, and/or interest in such work product, including, but not limited to, all copyrights, patents, trademarks, and propriety rights including the source code and supporting codes created by Awcore and TheeCode for Alchemy.

c. Under Section 11(b) Li agreed that during his employment he would not compete with BWC by not acquiring, assuming or participating in, directly or indirectly, any position, investment or interest known by him to be adverse or antagonistic to BWC, its business, or prospects, financial or otherwise, or in any

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

company, person, or entity that is, directly or indirectly, in competition with the BWC's business or any of its Affiliates. Ownership by Li, in professionally managed funds over which he did not have control or discretion in investment decisions, or as a passive investment, of less than two percent (2%) of the outstanding shares of capital stock of any corporation with one or more classes of its capital stock listed on a national securities exchange or publicly traded on a national securities exchange or in the over-the-counter market would not be a breach thereof if properly disclosed. For purposes of the Employment Agreement, "Affiliate," meant, with respect to any specific entity, any other entity that, directly or indirectly, through one or more intermediaries, controls, is controlled by or is under common control with such specified entity.

d. Under Section 11(c) Li agreed that during his employment and for a twelve (12) month period thereafter he would not: (i) solicit or induce, or attempt to solicit or induce, any BWC employee, including all Development Team Members identified in Exhibit B thereto (which included Alchemy's India development team at TheeCode), or its Affiliates to leave BWC's or such Affiliate's employ; or (ii) use BWC's or Alchemy's confidential information to solicit or attempt to solicit the business of any client or customer of BWC, Alchemy, or their Affiliates with respect to products, services, or investments similar to those provided or supplied by BWC or its Affiliates.

e. Under Section 11(d) Li agreed during his employment and for a twelve (12) month period thereafter he would not disparage BWC, Alchemy, or their respective officers, directors, employees, shareholders, or agents, in any manner likely to be harmful to its or their businesses, business reputations, or personal reputations.

f. Under Section 24 Li agreed that the restrictions contained in the Employment Agreement were intended for the protection of BWC's interests in the acquired intellectual property, customer, client, merchant, and other business relationships, and goodwill, and were necessary, reasonable and appropriate purpose.

Global Legal Law Firm
322 Encinitas Blvd., Suite 200
Encinitas, CA 92024
(888) 846-8901

Li further agreed that (i) his breach of his obligations under the Employment Agreement would likely cause BWC substantial and irrevocable damages and irreparable harm (which may be difficult to measure), (ii) without the obligation/restrictions undertaken by Li he would be in a position to compete unfairly with BWC, and (iii) his education and experience were such that any obligations/restrictions he agreed to would not unreasonably interfere with his ability to earn a livelihood. Accordingly, in the event of such breach by Li of his employment duties set forth above, BWC would be entitled to temporary, preliminary and permanent injunctive relief (in addition to all other remedies it may have for damages or otherwise, in law or equity) to restrain such breach or threatened breach, without proving actual damages and without posting of a bond.

9. On or about June 18, 2022, Li, unbeknownst to BWC, and without Authorization, initiated a $200,000 transfer from Alchemy's bank account over which Constellation still had control, to Li's personal bank account at Chase Bank (the "Unauthorized Transfer.") Li labeled the Unauthorized Transfer as employee payroll.

10. On June 20, 2022, Li requested from Amy Wong, Constellation's primary employee for bookkeeping and accounting who was charged to assist in the transition of those items over to BWC, the Alchemy bank account login information which Ms. Wong provided Li. It is important to note that on July 5, 2022, Ms. Wong categorized the transaction detail as a balance sheet item. The bank description combined with the categorization of the transfer led to a delay in the discovery of Li's fraud and embezzlement.

11. On June 21, 2022, Nicole Houston, a business partner and principal at Constellation asked Li about the Unauthorized Transfer. Li claimed this was part of payment under the Transaction, which it was not.

12. On June 22, 2022, Tim Li notated that the Unauthorized Transfer was for "Owner's Pay and Personal Expense Partner Distributions," despite the fact that Li was no longer an owner of Alchemy vis-à-vis Constellation, and Constellation no

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

longer owned the funds in the Alchemy bank account from which the Unauthorized Transfer originated.

13. At that time, the Unauthorized Transfer was discovered by Mr. Randy Schmidt, an executive of Alchemy prior to the Transaction and an employee of BWC thereafter. Mr. Schmidt told Li that he was not authorized to make the Unauthorized Transfer since the funds were no longer owned by Constellation and that he should immediately return them otherwise it would be considered theft. Li ignored Mr. Schmidt's suggestion.

14. On or about June 29, 2022, BWC's accounting personnel and executives gained access to the Alchemy's bank account and QuickBooks for the first time. Upon discovering the Unauthorized Transfer in July, BWC's accounting personnel and auditors flagged the Unauthorized Transfer as needing additional research as it was unclear since it was categorized a balance sheet item whether it was from a prior year. At no time did Li notify BWC of the Unauthorized Transfer.

15. In or around June 30, 2022, BWC became aware that Alchemy's primary software development team from India, TheeCode Technologies ("TheeCode"), had been contacting BWC's/Alchemy's customers purporting to them that they owned the source code and supporting codes BWC had purchased in the Transaction from Constellation. Despite Li's awareness of TheeCode's misstatements, he did not notify BWC of their existence or attempt to assist BWC in managing any fallout with BWC's/Alchemy's customer relationships which were under attack.

16. Thereafter, BWC's relationship with Li became strained as his behavior and compliance with his job duties became continually spottier as follows:

a. On or about July 13, 2022, following BWC's discovery of issues related to Alchemy's operations and the need to make some changed to account for those issues which required the termination of multiple people who were simultaneously employed by BWC, Constellation and/or Constellation's affiliated companies following the close of the Transaction, Li became unresponsive to phone

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

calls from BWC's President and Chief Executive Officer to assist with the closing the transition of Alchemy's operations from Constellation to BWC;

b. On or about July 14, 2022, Li changed Alchemy passwords across Slack, Twitter, and Alchemy's e-mail server, locking out team members for an extended period of time and preventing it from performing its work obligations;

c. On July 20, 2022, Li told BWC's/Alchemy's client, MedPlan, to stop paying invoices for services rendered dating back to February 2022;

d. In August 2022, BWC discovered that Li had become an adjunct professor at USC without notifying BWC that he was engaged in employment with someone other than BWC;

e. In September 2022, BWC discovered that Li had failed to disclose his investments in BWC's/Alchemy's customers and competitors, including but not limited to, ORKA Finance, Veradata, Crescent Funds and Solar Quote in excess of the amounts allowed under Section 11(b) of the Employment Agreement. At that same time BWC also discovered from errant e-mails sent by Max Decisions' personnel to Li's BWC e-mail address that Li had continued his business development responsibilities for Max Decisions after he entered the Employment Agreement; and

f. In September 2022, BWC, in its efforts to extinguish growing customer dissatisfaction, learned that Li has been disparaging BWC and its executive team while on phone calls with those customers and potential investors.

## FIRST CAUSE OF ACTION

**(Fraud in the Inducement)**

**(Against Li)**

17. BWC incorporates each and every allegation set forth in Paragraphs 1 through 16 as if fully set forth herein.

18. Fraud in the inducement occurs when the promisor knows what he is signing, but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable. (*Pacific State Bank v. Greene*,

(2003) 110 Cal.App.4th 375, 389, 1 Cal.Rptr.3d 739).

19. BWC's consent to enter into the Employment Agreement was induced by Li's fraud. On information and belief, BWC contends that, prior to entering into the Employment Agreement, Li concealed his plans to embezzle $200,000 from BWC's Alchemy bank account, Li intentionally failed to provide BWC information about his ownership interests in Alchemy's customers, Li concealed his plan to continue working for other businesses in violation of his Employment Agreement (namely Max Decisions), Li had created a business entity with owners of TheeCode which would very likely cause the issue of the ownership of Alchemy's source code to be in dispute, and would be disruptive to business for BWC following BWC's acquisition of Alchemy, all of which Li knew BWC would have been concerned with, and which would have affected the Agreement, i.e. BWC would not have entered into the Agreement had it known about Li's concealment of the foregoing items.

20. Li's omissions and fraudulent promises as noted in Paragraph 19 induced the consent of BWC into the Employment Agreement, and Li's actions proximately caused BWC's assent into the Employment Agreement.

21. Facts which Li concealed were known only to Li, and could not have been reasonably discovered by BWC. BWC did not know of the concealed facts.

22. BWC was harmed by the fraudulent promises and omissions and the misrepresentations and/or concealment was a substantial factor in causing harm to BWC.

23. Li's misconduct as set forth above was despicable, and committed with a complete and total disregard for the rights of, or detriment to, BWC, and BWC therefore is entitled to punitive damages in an amount according to proof at time of trial.

**<u>SECOND CAUSE OF ACTION</u>**

**(Promissory Fraud)**

**(Against Li)**

24. BWC incorporates each and every allegation set forth in Paragraphs 1

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

through 23 as if fully set forth herein.

25. The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." (5 Witkin, Summary of Cal.Law (9th ed. 1988) Torts, § 676, p. 778; see also Civ.Code, § 1709; *Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1108, 252 Cal.Rptr. 122, 762 P.2d 46).

26. "Promissory fraud" is a subspecies of the action for fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud. (*Union Flower Market, Ltd. v. Southern California Flower Market, Inc.* (1938) 10 Cal.2d 671, 676, 76 P.2d 503; see Civ.Code, § 1710, subd. (4); 5 Witkin, Summary of Cal.Law, supra, § 685, pp. 786–787).

27. Li made false representations, and concealed material facts from BWC, prior to entering into the Agreement as set forth in greater detail in Paragraph 19 above, including without limitation: 1) his plans to embezzle $200,000 from BWC's Alchemy bank account; 2) his concealment of information about his ownership interests in Alchemy's customers; 3) his work for other businesses in violation of his Employment Agreement (namely Max Decisions); and 4) the fact that he had created a business entity with owners of TheeCode which would very likely cause for the issue of the ownership of Alchemy's source code to be in dispute and be disruptive to business for BWC following the merger.

28. Li knew his representations were false, to the extent his fraud was not by omission of material facts. Li did not intend to perform the promises he made under the Employment Agreement when he made such promises.

29. Li intended for BWC to rely on his representations and/or intended his concealment to induce BWC's reliance, and for BWC to enter into the Employment Agreement as a result thereof.

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

30. BWC justifiably and reasonably relied on Li's representations, to the extent BWC had not had material facts concealed by Li. Li did not perform the promised acts, e.g. the express promise not to work for other entities of Constellation while employed for BWC and the implied promise not to embezzle money from BWC.

31. As a direct and legal result of Li's fraudulent misrepresentations and material omissions, BWC has suffered actual, consequential, and special damages in excess of excess of the jurisdictional minimum, in an amount to be proved at trial.

32. BWC's reliance on promises made by Li was a substantial factor in causing the harm to BWC.

33. Li's misconduct as set forth above was despicable, and committed with a complete and total disregard for the rights of, or detriment to, BWC, and BWC therefore is entitled to punitive damages in an amount according to proof at time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Counter-Claimant in Reply Business Warrior Corporation prays for judgment against Defendant Timothy Li as follows:

a. For the Employment Agreement to be rescinded;

b. For judgment in favor of Business Warrior Corporation and against Timothy Li for compensatory damages, in an amount to be determined at trial;

c. For judgment in favor of Business Warrior Corporation and against Timothy Li for compensatory damages for the harms suffered to Business Warrior Corporation's valuation, in an amount to be determined at trial;

d. For judgment in favor of Business Warrior Corporation and against Timothy Li for compensatory damages for the harms suffered to Business Warrior Corporation's reputation, in an amount to be determined at trial;

e. For an award of punitive damages in favor of Business Warrior Corporation and against Timothy Li;

f. For an award against Timothy Li of Business Warrior Corporation's

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

reasonable attorney's fees and costs incurred in bringing this action;

g. For an award of pre and post judgment interest in favor of Business Warrior Corporation and against Timothy Li;

h. For an award of the equitable relief set forth herein; and

i. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

BWC hereby demands a trial by jury on all claims set forth in this Counter-Claim in Reply.

Dated: February 13, 2023

GLOBAL LEGAL LAW FIRM

By: */s/ Christopher R. Dryden*

Christopher R. Dryden, Esq.
James C. Huber, Esq.
Attorneys for Plaintiff and Counter- Defendant
BUSINESS WARRIOR CORPORATION

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

GLOBAL LEGAL LAW FIRM
322 ENCINITAS BLVD., SUITE 200
ENCINITAS, CA 92024
(888) 846-8901

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2023, I caused to be electronically filed the foregoing document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail. electronic mail, or by other means permitted by the Court rules.

GLOBAL LEGAL LAW FIRM

By: *_/s/ Christopher R. Dryden_*
Attorneys for Plaintiff and Counter-Defendant
BUSINESS WARRIOR CORPORATION